**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAWAKO M. LESLIE,<br><br>                Plaintiff,<br><br>    v.<br><br>HON. JUDGE ROGERS, Superior Court of Maricopa County; JOHN M. LESLIE, CPA,<br><br>                Defendants. | Case No. 2:21-cv-09076-RGK (AFM)<br><br>**ORDER DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION** |

      Plaintiff filed this *pro se* civil rights action on November 19, 2021. (ECF 2.) On the same date, Plaintiff filed a request to proceed without prepayment of the filing fees ("IFP Request") (ECF 3) and Request for Emergency Filing of a New Civil Case. (ECF 4.) Plaintiff's "Request for Emergency Filing of a New Civil Cas[e]" seeks "expedited filing of a new civil case." (ECF 4.) Plaintiff's complaint, however, already has been filed. Accordingly, the request for an emergency filing is moot.

      Because plaintiff has requested to proceed IFP in this civil action, the Court has screened her Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

*See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). In addition, because plaintiff is appearing *pro se* in this action, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See, e.g., Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In screening a pleading to determine whether a pleading states a claim on which relief may be granted, however, the Court "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in screening under 28 U.S.C. § 1915(e)(2), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

Plaintiff names as defendants Hon. Judge Joshua Rogers, a judge in the Maricopa County Superior Court in Mesa, Arizona and John M. Leslie ("Leslie"), who resides in Mesa, Arizona. (ECF 2 at 6.) The complaint alleges that Leslie brought plaintiff to the U.S. Consulate in Japan in 1978 where a certificate of marriage was issued. According to plaintiff, she was 19 years old at the time, and because the age of majority in Japan is 20, the marriage was invalid. (ECF 2 at 7.) Plaintiff and Leslie stopped cohabitating in 2008, and plaintiff moved to California. In 2016, plaintiff returned to Arizona to nurse Leslie who was ill. After Leslie recovered, he became violent. Plaintiff's "first counsel" filed a dissolution of marriage "in the wrong domicile" – that is, in Arizona court. During the proceedings, plaintiff discovered that her marriage violated federal law, did not satisfy the Japanese Civil Code, or the laws of either Arizona or California. (ECF 2 at 7-8.) Plaintiff moved to dismiss the action, but the Arizona court ignored her claim regarding the illegality of a "federally conducted foreign marriage of a minor." (ECF 2 at 8.) Consequently, the Arizona

court "issued a 'Decree of Dissolution of a Marriage' fraught with errors." (ECF 2 at 8.)

Based upon the foregoing allegations, plaintiff raises three claims for relief: (1) Judge Rogers denied plaintiff's right to due process by failing to consider the issue of whether there was a legal marriage (ECF 2 at 8-10); (2) plaintiff was denied due process because "no court of Arizona or no judicial officer ever obtained, examined, nor decided the validity of this foreign marriage" (ECF 2 at 10-16); and (3) Judge Rogers denied plaintiff's rights to due process and equal protection of the laws by refusing to hear plaintiff's claim that the marriage was unlawful (ECF 2 at 16-20). As relief, plaintiff seeks declaratory relief in the form of an order stating that the 1978 marriage is invalid and that "no state court should issue a decree of dissolution of marriage without due process, without any material proof of a legal marriage." (ECF 2 at 21.) Plaintiff also requests "injunctive relief against the Arizona decree and pending orders." (ECF 2 at 22.) Finally, she requests declaratory relief in the form of an annulment of marriage for cultural and religious reasons. (ECF 2 at 22.)

This Court lacks jurisdiction over plaintiff's claims under the *Rooker-Feldman* bar. That doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Review of state court decisions may be conducted only by the United States Supreme Court. *See Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 415-16; *see also* 28 U.S.C. § 1257. *Rooker-Feldman* bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies even when the

challenge to the state court decision involves federal constitutional issues. *See Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

"*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (internal quotation marks omitted). In analyzing whether it has jurisdiction to hear a particular constitutional challenge, a federal district court first must determine whether plaintiff is attempting to bring a "forbidden de facto appeal." *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("To determine whether the *Rooker-Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision."); *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Such is the case "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *See Noel*, 341 F.3d at 1164. If the court determines that plaintiff is attempting to bring a de facto appeal, then plaintiff also is barred from litigating any claims that are "inextricably intertwined" with issues in that de facto appeal. *See Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012); *see also Feldman*, 460 U.S. at 483 n.16 (stating that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [decision], then the District Court is in essence being called upon to review the state court decision").

Here, plaintiff is attempting to bring a "forbidden de facto appeal" in that she alleges that the Arizona state court's wrongful or illegal actions during the dissolution proceedings violated her constitutional rights. To find for plaintiff on any claim raised in this action, the Court would be compelled to review and reject the rulings of the Arizona Superior Court. Moreover, plaintiff has sued an Arizona state court judge and seeks injunctive relief "against Arizona decree and pending orders."

However, the *Rooker-Feldman* doctrine prohibits a state court loser from seeking relief from allegedly wrongful decisions made in a previously concluded state court action. *See, e.g., Noel*, 341 F.3d at 1163.

Because plaintiff is attempting to bring a de facto appeal of a state court decision with which she disagrees, the *Rooker-Feldman* doctrine bars plaintiff from adjudicating in federal court any claim that is inextricably intertwined with the state court's decision. This is true where federal adjudication of an issue "would impermissibly undercut the state ruling on the same issues." *Cooper*, 704 F.3d at 782 (internal quotation marks omitted). Here, plaintiff's claims all arise from allegedly wrongful decisions and rulings of the Arizona Superior Court. Accordingly, those claims can only succeed in this action "to the extent that the state court wrongly decided the issues before it," and a decision by this Court in plaintiff's favor would impermissibly undercut the state court's decisions.

For the foregoing reasons, this Court lacks subject matter jurisdiction to consider plaintiff's claims. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction.")

IT THEREFORE IS ORDERED that: (1) plaintiff's request for emergency filing is denied as moot (ECF 4); (2) leave to proceed IFP or without prepayment of the filing fees is denied (ECF 2); and (3) this action is dismissed with prejudice for lack of jurisdiction.

DATED:  November 23, 2021

*Gary Klausner*

———————————————
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE